Mr. Justice Richardson
delivered the opinion of the-court:
The act of 1706, (P. L. 11, J declares, that every coroner, &c. shall be and is hereby empowered to serve and execute all writs and processes directed unto him against the marshal, &e. and also in all causes wherein the marshal is plaintiff, &c.” This act gives the power of serving writs, wherever the marshal or sheriff is concerned, to the coroner; and the only question is, whether the sheriff may not also serve such writs ? In treating of the court of the coroner, Lord Coke says, “ besides his judicial place, he has also authority ministerial, as a sheriff, &c. &c. viz: when there is just exception taken to the *471 sheriff, judicial process shall be awarded to the coroner for the execution of the king’s writs, in which case- he is locum tenens vice comills; (4 Inst. 211. J Av.C in Cro. Charles. 300, it is laid down, that if the sheri*’. is either plaintiff or defendant, or one of the cogoisix-s, the writ must be directed to the coroner. (See also ¿'elk. 144; 2 Jacob's L. I). 87. 1 Plowd. 73 )
Ford <§• De Saussure, for the motion.
Hunt, contra,
By the rules of the common law then, and in my judgment, upon the sound construction of the ret. taking vio ■consideration its policy, which is to picveni. the s' cuff's acting in his own case, and regarding the remedy afforded .against his possible self-interest, it appears that the seivice ef the writ by the sheriff, in his own case, is void.
The motion is therefore granted.
Justices Johnsoii and Noit, concurred.
Gantt, Justice:
I think the sheriff in this action being .a mere nominal plaintiff, he migdit legally serve the writ.